IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES ANTHONY, | ) | CASE NO. 1:15 CV 2451 |
| | ) | |
| Plaintiff, | ) | JUDGE JACK ZOUHARY |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| BRIGHAM SLOAN, | ) | |
| | ) | |
| Defendant. | ) | **REPORT & RECOMMENDATION** |

Before me by referral[1] in the matter of the *pro se* petition of Charles Anthony for a writ of habeas corpus under 28 U.S.C. § 2254[2] is a motion by the State to dismiss the petition without prejudice as premature because the Ohio trial court has yet to enter a final sentencing order after the matter had been remanded to that court.[3] Anthony has not replied to the State's motion.

As the State notes in its motion, a federal habeas court lacks jurisdiction over a petition if there is not a valid judgment entry of sentencing in the state court proceedings.[4] Moreover, as the State also properly observes, the *Younger* abstention doctrine prohibits a

---

[1] This matter was referred to me under Local Civil Rule 72.2 by United States District Judge Jack Zouhary by a non-document order entered on December 15, 2015.

[2] ECF #1.

[3] ECF # 6.

[4] *Gillispie v. Warden*, 771 F.3d 323, 328 (6th Cir. 2014).

federal court from interfering in pending state criminal proceedings, absent a "great and immediate" threat of "irreparable injury."[5]

Here, the exhibits to the State's motion[6] disclose that Anthony has not yet been sentenced after his case was remanded back to the Ohio trial court. Further, the record does not show that Anthony is facing the threat of great and immediate irreparable injury unless this Court interferes with the normal operations of the Ohio trial court. Moreover, none of the recognized exceptions to the *Younger* abstention doctrine are present here.[7]  Finally, because the underlying Ohio criminal case is not yet final, the dismissal of this petition will not trigger any concerns about the statute of limitations potentially barring consideration of any future petition.

Therefore, for the reasons stated, I recommend granting the State's motion and so dismissing Anthony's petition for habeas relief without prejudice.


Dated: March 31, 2016                               s/ William H. Baughman, Jr.
                                                    United States Magistrate Judge

---

[5] *Younger v. Harris*, 401 U.S. 37, 43 (1971).

[6] ECF # 6, Attachment 1.

[7] *See, Atkins v. Michigan,* 644 F.2d 543, 546-47 (6th Cir. 1981)(where petitioner seeks a speedy trial); *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981)(where petitioner seeks to avoid a second trial on the grounds that it would violate the Double Jeopardy Clause); and *Turner v. Tennessee,* 858 F.2d 1201, 1205 (6th Cir. 1988)(vacated on other grounds, 492 U.S. 902 (1989)(petitioner seeks to challenge the State's attempt to retry him rather than permit him to accept an earlier plea offer that had been rejected due to the ineffective assistance of counsel).